FILED
2021 May-20  PM 12:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION



| | | |
|---|---|---|
| **VIVIAN WILKES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.:** |
| **v.** | § | |
| | § | _____ |
| **MACLEAN POWER SYSTEMS, LP** | § | |
| | § | **JURY DEMAND** |
| | § | |
| **Defendant.** | § | |

## COMPLAINT

### I.  INTRODUCTION

1.     Plaintiff alleges that respectively in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Acts of 1991 and 42 U.S.C. §2000e et seq., as amended, ("Title VII") Defendant discriminated against her based on her race. Plaintiff further alleges Defendant discriminated against her based on her sex and retaliated against her due to her complaints of sex discrimination. Plaintiff contends she is entitled to equitable relief and compensatory, liquidated, and punitive damages, attorney's fees, and costs.

### II.  JURISDICTION

2.     Plaintiff invokes the jurisdiction of this Court according to 28 U.S.C. §§1331, 1343(a)(4), 2201-2202, 42 U.S.C. §2000e et seq. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as "The Civil

Rights Act of 1964," as amended, by the Civil Rights Act of 1991, and 42 U.S.C. §2000e. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000 et seq., the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

## III.   <u>PARTIES</u>

3.      Plaintiff, Vivian Wilkes, is a female citizen of the United States. Plaintiff fulfilled all conditions precedent to this action's institution under Title VII. Plaintiff has filed and or relied upon a timely charge discrimination of sex discrimination, race, and retaliation with the EEOC. The EEOC issued a right-to-sue letter to the Plaintiff on her charge of sex discrimination, race, and retaliation. She filed this suit within 90 days of receipt of such right-to-sue letters.

4.      Defendant MacLean Power Systems, LP, (hereinafter "Maclean" or "Defendant"), is an "employer" subject to suit as defined under 42 U.S.C. §2000e, and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Defendant does business in this jurisdiction.

## IV.   <u>STATEMENT OF FACTS</u>

5.      Plaintiff is an African American female employed by Defendant as a Team Lead.

6.      On or around, August 1, 2019, David Evans ("Evans"), a white male, touched Plaintiff in a sexual manner.

7.      Plaintiff told Evans to refrain from touching and speaking to her, but Evans did not respect Plaintiff's demands.

8.      Evans harassed Plaintiff with this type of behavior on a near-daily basis. Evans touched Plaintiff's shoulders, neck, head, and buttocks

9.      Evans made comments such as, "*I am very well endowed*", "*I'll show you a good time*", "*I don't get tired*", "*I want to lick your vagina*", and "*I would wear you out.*"

10.      Evans forced Plaintiff to be in a constant state of fear.

11.      Plaintiff reported Evans' actions to to Lisa Mann, ("Mann"), a Human Resources Supervisor.

12.       On or around August 24, 2019, Evans snuck up behind Plaintiff and began massaging Plaintiff's back.

13.      As usual, Plaintiff asked Evans to stop, but he continued to harass Plaintiff.

14.      Evans began asking Plaintiff what she was doing over the weekend, and told her he wanted to see her.

15.      Plaintiff began to walk away without answering when Evans slapped and squeezed Plaintiff's buttocks.

16.      Plaintiff screamed and slapped Evans' hands away.

17.      Tangeneka Cooper ("Cooper"), a co-worker, heard Plaintiff's scream

and entered the room to check on Plaintiff's well-being.

18.     Cooper informed Defendant that she heard Plaintiff's screaming and request for Evans to stop.

19.      On this same day, Evans snuck up behind Plaintiff and pressed his body against Plaintiff.

20.     Quality control employee Kenneth Black, ("Black"), witnessed the event.

21.     On or around August 27th, Plaintiff reported these events to Mann, a Human Resources supervisor in the presence of Kelly McCool, Black's supervisor.

22.     Mann told Plaintiff and Kelly McCool an investigation would be forthcoming.

23.     After Plaintiff left Mann's office, she saw Cooper, Black, and Evans enter Mann's office.

24.     Evans, visibly upset with Plaintiff, returned to work after his meeting with Mann.

25.     Plaintiff immediately asked her supervisor why Defendant allowed Evans to return to work.

26.     Cooper and Black told Plaintiff that Mann did not record their testimony.

27.     Plaintiff recalls a white employee making a complaint to HR about

4

sexual harassment. The offender was a black male, and the victim a white female.

28.     Pursuant to the Defendant's "Zero Tolerance" policy prohibiting such conduct, the black male was immediately terminated. In contrast, Defendant forced Plaintiff to continue to work alongside Evans because of her race and sex.

29.     On or around September 9, 2019, Plaintiff learned Defendant offered Evans a promotion, and he accepted the offer.

30.      Defendant awarded Evans for his actions alleged herein, instead of disciplining him.

31.     In retaliation for her complaints, Defendant chose Evans for a promotion rather than hiring Plaintiff's well qualified relative, who also submitted an application for the position.

32.     After complaining, Plaintiff experienced a reduction in her hours.

33.     Defendant tasked Plaintiff with organizing staff meetings when Plaintiff's superiors are absent, where Evans' presence is mandatory.

34.     Evans made a spectacle of these meetings, often making comments about Plaintiff in the presence of others. Plaintiff continues to work in these circumstances.

## V.    CAUSES OF ACTION
### COUNT I:
### TITLE VII – VIOLATIONS OF THE CIVIL RIGHTS ACT
### (DISPARATE TREATMENT)

35.     Plaintiff brings her discrimination claim based on race under Title VII

of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991".

36.     Plaintiff asserts Defendant discriminated against her because of her race, African American.

37.     As a result of Defendant's unlawful discriminatory animus, Plaintiff suffered emotional distress, embarrassment, and reduced work hours.

38.     In support of her claim, Plaintiff incorporates by reference Paragraphs 2-5, 21-31, and 33-34, *supra*.

## COUNT II:
## TITLE VII – VIOLATIONS OF THE CIVIL RIGHTS ACT
## (MIXED MOTIVE)

39.     Plaintiff adopts and re-alleges Paragraphs 2-34 above as if fully set forth herein.

40.     Plaintiff was discriminated against because of her sex and or race in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

41.     Based on her sex and race, Plaintiff experienced less favorably terms and conditions of employment compared to males and non-black employees.

42.     Per Defendant's instruction in its employee handbook, Plaintiff reported Evans' sexual harassment behavior to Defendant's Human Resources supervisor, Lisa Mann.

6

43.     Defendant did not discipline Plaintiff's harasser as it routinely does when white Caucasian employees are harassed and complain of the same.

44.     Defendant did not make Plaintiff aware of Evans disciplinary actions, nor take Plaintiff's complaints seriously. Rather, Defendant promoted Evans.

45.     Defendant's illegal bias caused Plaintiff to suffer reduced work hours and suffer emotional distress.

46.     Plaintiff's race and or sex was a motivating or substantial factor in Defendant's decision to treat Plaintiff less favorably.

## COUNT III
## TITLE VII-VIOLATIONS OF THE CIVIL RIGHTS ACT
## (HOSTILE WORK ENVIRONMENT)

47.     Plaintiff adopts and re-alleges Paragraphs 2-34 as if fully set forth herein.

48.     The Plaintiff was discriminated against and harassed because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

49.     The Plaintiff was subjected to harassment on account of her sex and such harassment created a hostile work environment.

50.     The harassment was unwelcomed, based on sex, and was so severe and pervasive that it has affected Plaintiff's mental health.

51.     The Plaintiff complained of the sexual harassment and Evans was not

7

disciplined. Defendant instead awarded Evans a Shipping and Receiving Clerk position.

52.     Plaintiff suffered emotional distress, embarrassment, and humiliation.

**COUNT IV**
**VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT**
**(RETALIATION)**

53.     Plaintiff adopts and re-alleges Paragraphs 2-4 as if fully set forth herein.

54.     Plaintiff was subjected to sexual harassment by Evans on multiple occasions.

55.     The Plaintiff complained to Defendant's Human Resources Supervisor Mann about the sexual harassment from Evans.

56.     Shortly after Plaintiff's complaints, Defendant reduced her work hours and forced her to work with Evans despite her previous sexual harassment complaint to HR.

57.      The temporal proximity between Plaintiff's complaint and her reduced work hours and additional assignments with Evans indicates a causal connection between the two instances.

58.     As a result, Plaintiff suffered reduced compensation, emotional distress, embarrassment, and humiliation.

## VI. <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

a. Issue a declaratory judgment that the practices, procedures, conditions, and customs of the defendant as applied to Plaintiff are violative of the rights of Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the Civil Rights Act of 1991", 42 U.S.C. §2000e et seq.

b. Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

c. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of attorneys' fees, costs and expenses.

Dated:  May 19, 2021

Respectfully submitted,

/s/ Eric Sheffer
**ERIC SHEFFER**
esheffer@wigginschilds.com

9

**WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, AL  35203
Telephone: (205) 314-0500
Facsimile:  (205) 254-1500

## PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY

*/s/* Eric Sheffer
**OF COUNSEL**

Plaintiff requests this Honorable Court to serve via certified mail upon the Defendant the following: Summons, Complaint.

**Defendant's Address:**
Maclean Power Systems, LP
60 Commerce Street
Montgomery, AL 36104

/s/ Eric Sheffer
**OF COUNSEL**