FILED
2022 Jan-20 PM 01:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **VIVIAN WILKES,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:21-CV-00701-RDP |
| **MacLEAN POWER SYSTEMS LP,** | } |
| **Defendant.** | } |

## **ORDER**

This case is before the court on Plaintiff's failure to comply with the November 29, 2021 and the December 22, 2021 Orders of this court. (Docs. # 15, 16). For the reasons explained below, this case is due to be dismissed due to Plaintiff's failure to prosecute.

On November 15, 2021, the court granted Plaintiff counsel's Motion to Withdraw. (Doc. # 13). Plaintiff's counsel withdrew due to Plaintiff's failure to respond to him after numerous attempts to contact her. (Doc. # 12). In the order granting counsel's withdrawal, the court set this case for a telephone status conference on November 29, 2021, but Plaintiff failed to dial into the conference at the scheduled time. (*See* Docs. # 13, 15). After Plaintiff's failure to attend the telephone status conference, the court entered a November 29, 2021 Order that directed Plaintiff to file a status report by December 13, 2021, informing the court of her intentions with respect to the lawsuit. (Doc. # 15). In the November 29, 2029 Order, the court cautioned Plaintiff that "her failure to file a status report in accordance with the[] directives and by th[e] deadline may result in the dismissal of this action." (Doc. # 15).

Plaintiff did not file a status report. On December 22, 2021, the court entered yet another order that directed Plaintiff to show cause in writing by January 3, 2022 why her case should not

be dismissed for failure to prosecute her claims. (Doc. # 16). Again, the court cautioned Plaintiff that failure to abide by the court's order "will result in the dismissal of th[e] action." (*Id.*).

The January 3, 2022 deadline has come and passed, and as of the date of entry of this Order, Plaintiff has not filed a status report, has not presented a response to the show cause order, has not made a request for extension of time, nor has she taken any other action in this case. The Federal Rules of Civil Procedure "expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982); *see* Fed. R. Civ. P. 41(b-c). Additionally, a district court has "inherent . . . authority to enforce its orders and ensure prompt disposition of legal actions." *State Exchange*, 693 F.2d at 1352.

Plaintiff has failed to obey the court's November 29, 2021 and December 22, 2021 Orders, and has remained silent since the entry of those Orders, despite the court's express warning about the consequences of her failure to comply. (Docs. # 15, 16). Accordingly, the court hereby **ORDERS** that this action shall be, and is, **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

The Clerk of the Court is **DIRECTED** to mail a copy of this Order to Plaintiff at her address listed in Counsel Sheffer's Notice. (Doc. # 14 at 1).

**DONE** and **ORDERED** this January 20, 2022.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE